(84 Misc. Rep. 432)

### LEOPOLD v. HOTEL SHELBURNE, Inc.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

MASTER AND SERVANT (§§ 30, 40*) — CONTRACT OF EMPLOYMENT — ACTION FOR BREACH.

In a suit for breach of a contract of employment, evidence *held* to show that it was a condition of employment that plaintiff, the servant, should procure a surety bond to protect the defendant against any defalcations, justifying his discharge on his failure to do so after a reasonable time.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36, 47–49;  Dec. Dig. §§ 30, 40.*]

Appeal from City Court of New York, Trial Term.

Action by Charles Leopold against the Hotel Shelburne, Incorporated.   From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals.   Reversed, and complaint dismissed.

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles Fischer, of New York City (Nathan Salsbury, of New York City, of counsel), for appellant.

Yankauer & Davidson, of New York City (Myle J. Holley, of New York City, of counsel), for respondent.

GUY, J.   Plaintiff sues to recover for breach of contract of employment, alleging that on or about the 25th day of January, 1913, the defendant employed him as bookkeeper for the office of the Hotel Shelburne, at Brighton Beach, for the term of five months from the 1st day of May, 1913, at a monthly salary of $125, together with board and lodging; that he entered upon said employment and continued therein until the 10th day of May, 1913, when he was wrongfully discharged. The answer denies employment for a definite term and, for a separate defense, alleges that, as part of the contract of employment, plaintiff agreed to furnish a surety company bond for the faithful performance of his duties; that he failed to comply with such requirement, and upon May 10, 1913, left defendant's employ.

Plaintiff testified that he entered into an oral contract of employment with defendant, through its president, on January 25, 1913, for a period of five months, to begin May 1, 1913; but that no mention was made of a bond at the time of the making of said contract. He further testified that on April 30, 1913, before he entered upon the performance of his duties, he was notified by defendant's president that he would be required to give a bond, and that he acquiesced in such requirement and immediately made application for a bond; that his application was temporarily approved by a surety company placing his name on the general bond given by it to cover all employés of defendant, but that subsequently, on May 2, 1913, the surety company notified defendant and plaintiff that it withdrew its acceptance of plaintiff's application; that, at the suggestion of defendant, he made application, without success, to other companies; that on May 2, 1913, defendant's president notified plaintiff that he must furnish a bond on or before May 10, 1913, or he could not continue in defendant's employ; that his efforts to obtain a bond were unsuccessful; that on May 10, 1913, he was notified by a representative of the defendant that he was discharged, and he thereupon left defendant's employ; that a few days later he received a notice from the surety company which had rejected him that, on reconsideration, they had decided to grant his application, but that he did not notify defendant that he had received such notice for the reason that he knew some one had been employed in his place.

Defendant's president testified that the fact that a bond would be required was stated as one of the conditions of employment at the first interview on January 25, 1913, and was repeated at subsequent interviews. Two other officers of the defendant company were called as witnesses and to some extent corroborated the testimony of its president on this point. The evidence shows that plaintiff, in the course of his duties, was required to handle large sums of money, and that the giving of a bond by him was essential to the safe conduct of defendant's business and in keeping with the general rule established by de-

fendant that all of its employés should be under bond. Whether it was part of the original contract of employment entered into on January 25, 1913, or whether by mutual consent, as testified to by the plaintiff, the original oral contract was modified by the parties in April, before plaintiff entered upon the performance of his duties, the evidence fully establishes that, at the time plaintiff entered defendant's employ, his contract required him to furnish a surety company bond, that he was given a reasonable time in which to comply with this requirement, and failed to do so, and his discharge by defendant was therefore justifiable.

Plaintiff is evidently a man of excellent character and reputation and suffered great hardship and injustice by reason of the surety company's refusal of his application, but this was not due to any breach of contract on the part of the defendant. On the contrary, the defendant company showed him great consideration and forbearance, and only discharged him after he had repeatedly failed to obtain a bond, as required by his contract.

Plaintiff having failed to make out his cause of action for wrongful discharge, the judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.